UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES M. KOLLAR, | CASE NO. C20-5278-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | |
| Defendant. | |

This matter comes before the Court on Defendant Sun Life Assurance Company of Canada's ("Sun Life") dispositive motion pursuant to Federal Rule of Civil Procedure 52 (Dkt. No. 13). Having thoroughly considered the parties' briefing, the Court DENIES in part and HOLDS IN ABEYANCE in part Sun Life's motion.

I.  **BACKGROUND**

Plaintiff James Kollar worked for First Choice Health Network as a software engineer from 2014 until his termination in May 2018. (Dkt. No. 14-1 at 21.) First Choice Health Network provided its employees with a short-term disability ("STD") benefits plan and a long-term disability ("LTD") benefits plan funded by a policy ("the Policy") issued by Sun Life. (*Id.* at 29.) To qualify for either STD or LTD benefits, an employee must, among other things, provide proof of "Total Disability" or "Partial Disability." (Dkt. No. 14-1 at 43, 46.) Under the Policy, "Total

Disability or Totally Disabled" means, in relevant part, that "the Employee, because of Injury or Sickness, is unable to perform all of the material and substantial duties of his own occupation and is not engaged in any occupation for wage or profit." (Dkt. No. 14-1 at 43; *see also* Dkt. No. 14-1 at 46.) An employee's coverage ceases on the date his employment terminates. (*Id.* at 79.)

Mr. Kollar has been diagnosed with several medical conditions, including ankylosis spondylitis, ulcerative colitis, and hemochromatosis, that cause him pain and limit his range of motion, among other things. (*See id.* at 162.) In June 2018, he filed a claim for STD benefits, which Sun Life denied. *Kollar v. Sun Life Assurance Co. of Canada*, Case No. C19-5180-RBL, Dkt. No. 19 at 2 (W.D. Wash. 2019). He sued Sun Life under the Employee Retirement Income Security Act ("ERISA"), challenging the denial of his claim. *Id.*, Dkt. No. 1. The Court granted judgment in Sun Life's favor, concluding that the administrative record showed Mr. Kollar "did not become 'unable to perform all of the material and substantial duties of his own occupation'" before his employment—and thus, his insurance coverage—terminated, and therefore, he was not "Totally Disabled" within the meaning of the Policy. *Id.*, Dkt. No. 19 at 8.

In the meantime, Mr. Kollar filed a claim for LTD benefits under the Policy. (*See* Dkt. No. 14-1 at 142.) Sun Life transferred the medical records he submitted in support of his STD benefits claim to his LTD benefits file, (*see id.* at 336), and Mr. Kollar submitted additional records and documents, (*see id.* at 208–13, 354–56, 365–576). In June 2019, Sun Life denied his claim for LTD benefits, (*id.* at 336–39), and in March 2020, Mr. Kollar filed this ERISA action to challenge Sun Life's denial of his LTD benefits claim. (Dkt. No. 1.) The Court issued a scheduling order, setting a bench trial on April 5, 2021 and deadlines for dispositive motions for judgment on the administrative record. (Dkt. No. 11.) The case was transferred to the undersigned, (Dkt. No. 12), and the Court struck the bench trial date when the COVID pandemic necessitated closing the courthouse, (Dkt. No. 15). Sun Life moves for judgment on the administrative record under Rule 52. (Dkt. No. 13.)

//

## II. DISCUSSION

### A. ERISA Standard of Review

ERISA allows a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). District courts review a plan administrator's denial of benefits "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The parties agree that the Court should review the administrator's decision *de novo* in this case. (Dkt. Nos. 13 at 11, 16 at 1.)

Under *de novo* review, "'[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits.'" *Opeta v. Nw. Airlines Pension Plan for Cont. Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006)). The Court's review is limited to the evidence that was before the plan administrator except "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943 (9th Cir. 1995). Such exceptional circumstances may include "claims that require consideration of complex medical questions or issues regarding the credibility of medical experts" or "the availability of very limited administrative review procedures with little or no evidentiary record." *Opeta*, 484 F.3d at 1217 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993)). "[A] district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator." *Mongeluzo*, 46 F.3d at 944.

The Court's *de novo* review "can best be understood as essentially a bench trial 'on the papers' with the District Court acting as the finder of fact." *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003); *see Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999) (explaining that in a trial on the administrative record, "[the] district judge will

be asking . . . as he reads the evidence, . . . whether [the plaintiff] is disabled within the terms of the policy" and may "evaluate the persuasiveness of conflicting testimony and decide which is more likely true"); *Bigham v. Liberty Life Assurance Co. of Bos.*, 148 F. Supp. 3d 1159, 1162 (W.D. Wash. 2015) (concluding that a bench trial on the administrative record under Federal Rule of Civil Procedure 52 is the appropriate mechanism to resolve an ERISA benefits dispute). A plaintiff challenging a benefits decision under 29 U.S.C. § 1132(a)(1)(B) bears the burden of proving entitlement to benefits by a preponderance of the evidence. *Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010).

**B. Sun Life's Motion**

Sun Life asks the Court to enter final judgment in its favor on the administrative record under Rule 52. (Dkt. No. 13.) Sun Life argues that (1) collateral estoppel precludes relitigation of whether Mr. Kollar was "Totally Disabled" within the meaning of the Policy and (2) even if collateral estoppel does not apply, the administrative record does not show that Mr. Kollar was "Totally Disabled." (Dkt. No. 13.) Mr. Kollar opposes the motion, arguing that collateral estoppel does not apply and that it is premature for the Court to evaluate the administrative record and decide whether Mr. Kollar is entitled to benefits. (Dkt. No. 16.)

1. Collateral Estoppel

To promote judicial economy and protect parties from the burden of successive litigation, collateral estoppel bars the relitigation of a factual or legal issue that has already been litigated and decided in a prior proceeding between the same parties. *Shaw v. Hahn*, 56 F.3d 1128, 1131 (9th Cir. 1995). For collateral estoppel to apply, "'(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.'" *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (quoting *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996)). Additionally, the party against whom collateral

estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Maciel v. Comm'r*, 489 F.3d 1018, 1023 (9th Cir. 2007).

Sun Life argues that the issue of whether Mr. Kollar was disabled prior to the termination of his coverage was already litigated and decided in its favor in Mr. Kollar's STD benefits lawsuit. (Dkt. No. 13 at 13 (citing *Kollar*, Case No. C19-5180-RBL, Dkt. No. 19 at 7 (W.D. Wash. 2019)). But the issue in Mr. Kollar's STD benefits lawsuit was whether the record before the plan administrator when it rejected his STD benefits claim established that he was disabled. In contrast, the issue in this case is whether the record before the plan administrator when it rejected his separate LTD benefits claim established his disability. Mr. Kollar is not precluded from arguing that the records he submitted in support of his LTD benefits claim demonstrated he was disabled within the meaning of the Policy. *See All. for the Wild Rockies v. Bradford*, 864 F. Supp. 2d 1011, 1018 (D. Mont. 2012), *amended in part*, 2012 WL 12892360 (July 23, 2012) (concluding that "[w]hile collateral estoppel would preclude the Forest Service from relitigating whether the original Little Beaver Project [Environmental Assessment] complied with federal law, it does not keep the Forest Service from submitting a new [Environmental Assessment] and defending its conclusions as being legally compliant.").

Accordingly, the Court DENIES Sun Life's motion (Dkt. No. 13) to the extent it asks the Court to enter judgment in its favor based on collateral estoppel.

    2.   Judgment on the Administrative Record

Sun Life argues that even if collateral estoppel does not apply, the record developed for the purposes of the LTD benefits claim shows that Mr. Kollar cannot meet his burden to prove he was "unable to perform the material and substantial duties of his own occupation" such that he is entitled to LTD benefits. (Dkt. No. 13 at 14.) Mr. Kollar responds that the Court should not consider this argument at this stage of the proceedings because it would only "be appropriate for the Court to consider in a bench trial" with "the procedural safeguards set out in *Kearney* and Rule 52." (Dkt. No. 16 at 8.) Mr. Kollar's argument is not entirely clear, but he cites the portion

of the Court's notice striking the bench trial date that directs the parties to propose a new trial date upon the reopening of the Seattle Courthouse. (*See* Dkt. No. 16 at 10 (citing Dkt. No. 15).) This citation suggests that he believes the Court should hold a traditional in-person bench trial at which the parties present live testimony and other evidence.

Mr. Kollar misapprehends the nature of a bench trial in an ERISA case. As discussed above, the Court generally resolves an ERISA benefits dispute through a bench trial on the papers via cross-motions for judgment on the administrative record. *See Kearney*, 175 F.3d at 1094–95. Thus, the bench trial on the record that Sun Life is asking the Court to conduct at this juncture *is* the precise "procedural safeguard[] set out in *Kearney*," (Dkt. No. 16 at 8), to which Mr. Kollar argues he is entitled. Mr. Kollar does not ask for an opportunity to present any evidence outside the administrative record, nor does he identify any other reason for the Court to hold a traditional bench trial. Accordingly, the Court FINDS that a bench trial on the record as contemplated by *Kearney* is appropriate here and VACATES its prior notice (Dkt. No. 15) except insofar as it strikes the date for a bench trial.

In light of the Court's prior notice, the Court will give Mr. Kollar an opportunity to file a cross-motion for final judgment under Rule 52 and will hold the remainder of Sun Life's motion in abeyance. Mr. Kollar must file a cross-motion on or before July 29, 2021. Sun Life may file an opposition brief on or before August 16, 2021. Mr. Kollar may file a reply brief on or before August 20, 2021.

**III. CONCLUSION**

For the foregoing reasons, Sun Life's motion (Dkt. No. 13) is DENIED in part and HELD IN ABEYANCE in part. The Court further ORDERS:

1. The Court's notice (Dkt. No. 15) is VACATED except insofar as it strikes the bench trial set for April 5, 2021.
2. Mr. Kollar may file a cross-motion for final judgment under Rule 52 on or before July 29, 2021. Sun Life may file an opposition brief on or before August 16, 2021. Mr.

1. Kollar may file a reply brief on or before August 20, 2021.

2. 3. The Clerk is DIRECTED to renote Sun Life's motion (Dkt. No. 13) for August 20, 2021.

DATED this 14th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE